UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CALVIN LEE MILLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF YOAKUM, TEXAS,** | § | |
| **COLLIN L. CAMPBELL,** *Individually*, | § | **CIVIL ACTION NO. V-09-35** |
| **KEITH PIKETT,** *Individually*, | § | |
| **SHERIFF MILTON WRIGHT,** | § | |
| *Individually*, **AND** | § | |
| **FORT BEND COUNTY, TEXAS,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court are Defendants City of Yoakum and Collin Campbell's ("Yoakum Defendants") Motion to Dismiss (Dkt. No. 5); Defendants Fort Bend County, Texas, Sheriff Milton Wright, and Sheriff's Deputy Keith Pikett's ("Fort Bend Defendants") Motion to Dismiss (Dkt. No. 15); and Plaintiff Calvin Lee Miller's ("Miller") Motion for Leave to File Plaintiff's First Amended Complaint (Dkt. No. 18).

## 1. Miller's Motion for Leave to File Plaintiff's First Amended Complaint (Dkt. No. 18)

Miller seeks leave to amend his complaint in response to the pending motions to dismiss mentioned above. The Yoakum Defendants do not oppose Miller's motion for leave to amend; however, the Fort Bend Defendants have filed a response in opposition to Miller's motion (Dkt. No. 20).

### a. Legal Standard

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a

substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006) (unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, Civ. A. No. 06-4653, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a motion to amend pleadings to assert counterclaims and third-party claims). Indeed, the Fifth Circuit has long recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872—73 (5th Cir. 2000).

**b. Analysis**

The Fort Bend Defendants object to allowing Miller to amend his complaint "for the reasons that they would be prejudiced by the granting of such motion for leave to amend at this time, and that, at best, the Plaintiff's proposed amendments are unnecessary, but at worst, these new allegations serve improper purposes." (Dkt. No. 20 at 1.) Specifically, the Fort Bend Defendants allege that all of the time they spent drafting their Original Answer and motion to

dismiss "will have been wasted" if the Court allows Miller to amend his complaint, since "both the Fort Bend [] Defendants' pending motion[] to dismiss and [their] prepared draft of their original answer would have to be re-drafted and conformed to the Plaintiff's new allegations." (Dkt. No. 20 at 3.) The Fort Bend Defendants further claim that Miller's counsel is engaging in a "negative media blitz" against Defendant Keith Pikett and that "the only real change offered amounts to a mere changing of labels used, perhaps achieving some connotations of illegitimacy and/or more negative 'sound bites' for the media." (*Id.* at 6 & 8.)

The Fort Bend Defendants have failed to provide the Court with a "substantial reason" to justify denying Miller's request for leave to amend. Furthermore, the factors set forth by the Fifth Circuit favor amendment. *See Jones* 427 F.3d at 994; *Avatar* Exploration, 933 F.2d at 321. Allowing Miller to amend his complaint would not cause undue delay. This litigation is still in its infancy, and the Parties' Rule 16 pretrial conference is not even scheduled to occur until September 8, 2009. Miller has not previously failed to cure deficiencies, as this is Miller's first attempt to amend his complaint, and the amended complaint poses no undue prejudice to the Fort Bend Defendants, as it essentially pleads the same causes of action. Moreover, allowing amendment serves the interests of judicial efficiency because Miller attempts to replead some of the claims underlying the Defendants' motions to dismiss by dismissing claims against two defendants, including one of the Fort Bend Defendants, and by clarifying the allegations as to the remaining defendants in this case.  Finally, it does not appear that Miller has filed this motion in bad faith, or that amendment would be futile.

After considering the motion, response, record, and applicable law, the Court is of the opinion that Miller's Motion for Leave to File Plaintiff's First Amended Complaint should be **GRANTED**.

**2. Defendants' Motions to Dismiss (Dkt. Nos. 5 & 15)**

An amended complaint supersedes a prior complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts the earlier pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Plaintiff's First Amended Complaint (Dkt. No. 18, Ex. A) appears to replead at least some of the claims underlying the pending motions but makes no reference to nor adopts any portion of Plaintiff's Original Complaint (Dkt. No. 1). Because the currently pending motions to dismiss address only the claims in Plaintiff's Original Complaint, the Court **DENIES** the motions as moot.

It is so **ORDERED**.

**SIGNED** this 31st day of August, 2009.


_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE