UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CALVIN LEE MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KEITH PIKETT, *Individually*, | § | CIVIL ACTION NO. V-09-35 |
| SHERIFF MILTON WRIGHT, | § | |
| *Individually*, AND | § | |
| FORT BEND COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff Calvin Lee Miller's ("Plaintiff") Expedited Motion for Leave to Amend Complaint, to Allow Discovery, and to Extend Response Deadline to Defendant Keith Pikett's Motion for Summary Judgment (Dkt. No. 42), to which Defendants Fort Bend County, Texas ("the County"), Fort Bend County Sheriff Milton Wright ("Sheriff Wright"), and Fort Bend County Sheriff's Deputy Keith Pikett ("Deputy Pikett") (collectively "Defendants") have responded (Dkt. No. 43). The Court also conducted a brief conference with counsel on August 30, 2010. Having considered the motion, response, arguments of counsel, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **GRANTED** in part and **DENIED** in part.

### I. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff seeks leave to file his Third Amended Complaint on the grounds that "the case has developed and changed," and therefore "[t]he Complaint needs to be [a]mended and thus superceded [sic]." (Dkt. No. 42 at 1—2.) According to Plaintiff, the dismissal of Defendant Colin Campbell should have led Defendants (and perhaps the Court) to "the common sense deduction that

1

Plaintiff would be amending to conform his pleading to the facts as developed"—even though the deadline for amendment of pleadings had already passed. (*Id.* at 2.)

Defendants object to Plaintiff's motion on the basis that allowing Plaintiff to file a fourth pleading, "and thereby start all over again . . . would pose an undue hardship upon [Deputy Picket] without any good cause shown, thus making a mockery of Deputy Pikett's immunity from suit, and preventing due consideration of Pikett's timely-filed dispositive motion." (Dkt. No. 43 at 3.)

A. **Legal Standard**

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006) (unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, Civ. A. No. 06-4653, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a motion to amend pleadings to assert counterclaims and third-party claims). Indeed, the Fifth Circuit has long recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The definition of futility adopted by the Fifth Circuit includes circumstances in which a

proposed amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872—73 (5th Cir. 2000).

**B. Analysis**

The Court is of the opinion that Defendants have provided a "substantial reason" to justify refusing Plaintiff's request for leave to amend, and the factors set forth by the Fifth Circuit favor denying amendment. *See Jones*, 427 F.3d at 994; *Avatar Exploration*, 933 F.2d at 321.

First, the Court finds that allowing Plaintiff to amend his complaint at this stage would cause undue delay. The Court-ordered deadline for filing amended pleadings was March 30, 2010—roughly five months before Plaintiff filed the present motion. Plaintiff's admission that "he could have sought this Leave . . . sooner, but was going to wait until [certain] depositions were completed," demonstrates Plaintiff's dilatory motive and is not good cause for delay. The Court further finds that Plaintiff has repeatedly failed to cure deficiencies in his complaint, even after being granted leave to amend on two previous occasions.

Finally, and most importantly, the Court finds that allowing Plaintiff to file yet another complaint in this case would unduly prejudice Defendants—namely Deputy Pikett, who moved for summary judgment on the basis of qualified immunity on August 13, 2010. Because Deputy Pickett's Motion for Summary Judgment (Dkt. No. 40) addresses the claims in Plaintiff's Second Amended Complaint**,** if the Court were to allow Plaintiff to file his Third Amended Complaint, the Court would then be required to deny Pikett's motion as moot.[1] Plaintiff acknowledges this fact, noting that "[Deputy Pikett] cites extensively from Plaintiff's live pleading, his Second Amended Complaint, which may require [Pikett's] reasoning be rethought." (Dkt. No. 42 at 2.) Moreover,

---

1. An amended complaint supersedes a prior complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts the earlier pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). In fact, the Court already denied Defendants' Motion to Dismiss (Dkt. No. 15) as moot for this same reason after allowing Plaintiff to file his First Amended Complaint. (Dkt. No. 22.)

although Plaintiff alludes to the dismissal of Defendant Campbell as the basis for amending his complaint, it is unclear whether Plaintiff intends to include new factual allegations against Pikett or the other Defendants, or whether any attempt at amendment would be futile, as Plaintiff has not filed a copy of Third Amended Complaint for the Court's review.

Because requiring Deputy Pikett to start from scratch in preparing a defense to this case would be unduly prejudicial, the Court is of the opinion that Plaintiff's Motion for Leave to Amend Complaint should be **DENIED.**

## II. Plaintiff's Motion to Allow Discovery and to Extend Response Deadline

The Court's amended scheduling order, entered March 18, 2010 at the request of the Parties, extended the deadline for discovery on the issue of qualified immunity to June 30, 2010 and extended the deadline for filing dispositive motions on the issue of qualified immunity to August 15, 2010. (Dkt. No. 39.) Deputy Pikett timely filed his Motion for Summary Judgment on August 13, 2010. (Dkt. No. 40.) In response, Plaintiff filed the present motion claiming that he is unable to adequately respond to Deputy Pikett's motion at this time because discovery is incomplete, as Plaintiff has not yet deposed Deputy Pikett, Sheriff Wright, or Chief Deputy Brady. Plaintiff requests that he be allowed to reschedule the depositions of these individuals on or before November 2, 2010, even though the deadline for conducting discovery on the issue of qualified immunity has already passed. Plaintiff also requests that the Court grant him additional time in which to respond to Deputy Pikett's Motion for Summary Judgment, extending the submission date from September 3, 2010 until November 30, 2010.[2]

### A. Legal Standard

The Federal Rules of Civil Procedure provide that a court may, for good cause, extend a deadline "with or without motion or notice if the court acts, or if a request is made, before the

---

2. *See* S.D. TEX. LOCAL RULE 7.3 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing).

4

original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). A court may also grant an extension of time "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The Supreme Court has established four factors to consider when determining whether a party's actions constitute excusable neglect, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 2010 WL 1752037, *1 (5th Cir. 2010) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894—98 (1990)).

### B. Analysis

The Court is of the opinion that Plaintiff's failure to depose Deputy Pikett, Sheriff Wright, and Chief Deputy Brady within the discovery period constitutes excusable neglect. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Because Plaintiff's actions were excusable, the Court also finds that the deadline for responding to Deputy Pikett's Motion for Summary Judgment should be extended.

Plaintiff admits that he previously cancelled the depositions of Deputy Pikett, Sheriff Wright, and Chief Deputy Brady due to conflicting settings. Plaintiff intended to reschedule the depositions, which were then put on hold due to his counsel's attention in two other complex cases pending in the Victoria Division. Plaintiff further admits that he overlooked the deadline for dispositive motions on the issue of qualified immunity due to an error in calendaring. Although rescheduling the depositions in a timely manner was within Plaintiff's reasonable control, the Court does not find that Plaintiff acted in bad faith. Moreover, the Court does not foresee any danger of

prejudice to the Defendants, and a 3-month delay would have little impact on judicial proceedings, as there is currently no trial setting in this case.

Because Plaintiff has shown good cause and excusable neglect, the Court is of the opinion that his Motion for Leave to Allow Discovery and to Extend Response Deadline should be **GRANTED**.

### III. Conclusion

For the reasons set forth above, Plaintiff's Expedited Motion for Leave to Amend Complaint, to Allow Discovery, and to Extend Response Deadline to Defendant Keith Pikett's Motion for Summary Judgment (Dkt. No. 42) is hereby **GRANTED** in part and **DENIED** in part, as follows:

1. Plaintiff's request for leave to amend his complaint is **DENIED**.

2. Plaintiff shall be permitted to take the depositions of Deputy Pikett, Sheriff Wright, and Chief Deputy Brady no later than November 1, 2010.

3. Plaintiff shall file his response to Defendant Pikett's Motion for Summary Judgment (Dkt. No. 40) no later than 5:00 p.m. on Tuesday, November 30, 2010. The Court will not consider a response filed after the deadline stated above.

It is so **ORDERED**.

**SIGNED** this 1st day of September, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

6